IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHELLY FENWICK,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY AND ABC COMPANIES,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND<br><br><br><br><br>Case No. 2:09-CV-572 TS |

This matter is before the Court on Plaintiff's Motion for Remand. For the reasons stated below the Court will deny the Motion.

**Facts**

The underlying suit is a breach of contract action. Plaintiff was covered under an auto insurance policy issued by Nationwide Mutual Insurance Company.[1] Plaintiff's policy included underinsured motorist coverage in the amount of $100,000.[2] Plaintiff was in a car accident due to the negligence of the other driver.[3] The driver's insurance company paid Plaintiff the policy

---

[1] *See* Docket No. 1, Ex. A at 2.

[2] *Id*.

[3] *Id*.

limits of $50,000. Plaintiff seeks from Defendant the $100,000.00 according to the underinsured policy.

Plaintiff filed her complaint against seven entities in addition to ABC Defendants because Plaintiff claims she was unable to determine the actual issuing entity.[4] Plaintiff claims she received paper work from a variety of the named entities and that the issuing entity was unclear on the policy itself.[5] In Plaintiff's reply memorandum in support of remand, Plaintiff's attorney included as an exhibit to her affidavit a letter to her regarding Plaintiff's coverage as related to this case. This letter is printed on letterhead from "Allied Insurance a Nationwide Company *On Your Side*."[6] A copy of the policy is also included. The policy clearly states it is page one of two, but Plaintiff only included the first page.[7] The letterhead on the first page says Nationwide only. Defendant, however, provided both pages of the policy. On the second page of the policy next to the line "Issued By" it clearly states "Nationwide Mutual Insurance Company."[8] None of the originally named Defendants were the properly named party.

On April 30, 2009, Plaintiff served process on Allied Property and Casualty Insurance Company and Nationwide Insurance through their designated agent in Utah.[9] Both Allied

---

[4]Allied Insurance, a Nationwide company; Nationwide Insurance Company of America; Nationwide Insurance; Allied Group, Inc.; AMCO Insurance Company; Depositors Insurance Company; *see also* Docket No.10 at 6.

[5]Docket No. 10 at 6.

[6]Docket No. 10, Aff. Patricia L. LaTulippe, at 3.

[7]*Id*. at 4.

[8]Docket No. 8, Ex. 1, at 2.

[9]*See* Docket No. 7, at 2.

Insurance and Nationwide Insurance are trade names of Nationwide Mutual Insurance Company, not distinct corporate entities.[10] All other originally named parties are separate and distinct entities from Nationwide Mutual Insurance Company.[11] On May 29, 2009, Defendant's attorney called Plaintiff's attorney, to inform Plaintiff that he would be representing the insurer. At this time, Defendant's attorney indicated that the correct name of the insurer was Nationwide Mutual Insurance Company, and recommended Plaintiff file an Amended Complaint which Plaintiff filed on June 5, 2009.[12] Defendant filed a Petition for Removal on June 26, 2009, 21 days after being named on the amended complaint, but 57 days after the original defendants were served.

Plaintiff claims that removal is barred by the 30-day provision of 28 U.S.C. § 1446(b). Defendant opposes this Motion and argues that it properly removed within 30 days of being served as a named party.

**Standard**

The Tenth Circuit has stated that "there is a presumption against removal jurisdiction."[13] Further, that court has stated that "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal."[14]

28 U.S.C. § 1446(b) states:

The notice of removal of a civil action or proceeding shall be filed within thirty

---

[10] Docket No. 8, Ex. 2, at 2.

[11] *Id*. at 1-2.

[12] Defendant notes that instead of suggesting Plaintiff amend their complaint, Defendant could have sought dismissal, thereby forcing Plaintiff to refile.

[13] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[14] *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982).

days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading*, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1322 of this title more than 1 year after commencement of the action.[15]

An amended complaint can serve as a basis for removal only with "a voluntary act of the plaintiff which effects a change rendering a case subject to removal (by defendant) which had not been removable before the change."[16] "An initial pleading does not trigger the 30-day removal period if a defendant is forced to guess whether the action is removable."[17] Further, the Tenth Circuit requires unequivocal notice that the action is removable and has "expressly declined to impose a duty on a defendant to investigate removability when the initial pleading indicates that the right to removal *may* exist."[18]

---

[15] 28 U.S.C. § 1446(b).

[16] *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir. 1979).

[17] *Advantgarde Surgical, Inc. v. Rocky Mtn. Hospital and Medical Serv.*, 2008 WL 5335777, at 1 (D. Colo. Dec. 18, 2008) (citing *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999)).

[18] *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

## Discussion

In *Murphy Bros. v. Michetti Pipe Stringing*,[19] the Supreme Court acknowledged as a bedrock principle "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."[20]  The Court further stated "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."[21]  Parties are only required to take action once served process.[22]  Similarly, a court may not exercise power over a party named in the complaint as a defendant unless process has been served on that party.[23]  In *Murphy*, plaintiff filed a complaint in state court, faxing defendant a "courtesy copy" three days later, however, defendant was not officially served until seventeen days after the complaint was filed.  Defendant filed a notice of removal 30 days after service but 44 days after receiving the "courtesy copy."  Plaintiff moved to remand based on untimely removal.  The Court held "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."[24]

---

[19] 526 U.S. 344 (1999).

[20] *Id*. at 348.

[21] *Id*. at 350.

[22] *Id*.

[23] *Id*.

[24] *Id*. at 347-48.

*Murphy* has created a progeny of cases and a minority doctrine known as the "later-served defendant rule."[25] This "later-served rule" seems to have been interpreted as applicable in multi-defendant cases. Because this is not a multi-defendant case, this Court does not have to decide the issue of whether to apply the "later-served rule." However, this Court finds the *Murphy* Court's statements regarding a court's jurisdiction controlling. Accordingly, this Court holds service of process on a defendant to be the trigger of the court's jurisdiction over it. Defendant was not obligated to engage in the action until properly brought under this Court's jurisdiction.[26] Therefore, Defendant's time to remove did not begin to run until it was named a proper party and served accordingly.

In its brief, Plaintiff spends a considerable amount of time discussing "misnomer" cases. Plaintiff relies heavily on *Wilcox v. Geneva Rock Corp.*,[27] to support its position that the case at bar is a mere misnomer that does not entitle Defendant to an extension to the 30-day statutory period for remand.[28] In *Wilcox*, the complaint incorrectly named defendant, but the summons, correctly naming defendant, along with a copy of the complaint were served on two officers of the defendant corporation at its corporate offices. The Court finds *Wilcox* distinguishable for a variety of reasons. First, in *Wilcox*, even though the complaint was incorrect, the summons named the correct Defendant and was actually served on officers of the defendant corporation at

---

[25] Docket No. 8, at 6; *see also Bachman v. Fred Meyer Stores, Inc.*, 402 F.Supp.2d 1342, 1345 (D. Utah 2005).

[26] *Murphy Bros.*, 526 U.S. at 348; *see also Millentree v. TENT Rest. Operations, Inc.*, 2008 WL 4559879, *2 (W.D. Mo. Oct. 8, 2008)

[27] 911 P.2d 367 (Utah, 1996).

[28] *Id.* at 370.

the corporate headquarters.  The *Wilcox* court partially supported its position based on the unique circumstances of the service and complaint and summons putting the party on sufficient notice.  No such circumstances exist here.  In the present case, there was no such correction and the summons was not served on an officer of the corporation or at the corporate headquarters.  Second, the misnamed defendant in *Wilcox* was not an existing entity.  In the current case, five of originally named defendants, were distinct entities, and could have all been sued in their own right.  The remaining two defendants were trade names of Defendant.  Although, Defendant might have been liable for any suit against its trade names, as stated in *TENT* it is irrelevant whether the party knows it is the real party in interest and therefore knows the case might be removeable; the "thirty day time period began when it was brought under the court's authority, not when it ascertained it might be removeable."[29]  This makes the current case different than the typical misnomer situation.  This Court does not find the other cases cited by Plaintiff persuasive.

The Court also notes, as previously pointed out, that the correct Defendant was clearly stated on page two of Plaintiff's declaration of insurance.

## Conclusion

Based on the above the Court concludes Defendant filed for removal in a timely fashion.  It is therefore

---

[29] *TENT*, 2008 WL 4559879, at *6.

ORDERED Plaintiff's Motion to Remand (Docket No. 6) is DENIED.

DATED October 6, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge